## UNITED STATES v. TISDALE, U. S. Marshal.

(Circuit Court of Appeals, Fifth Circuit. April 29, 1902.)

### No. 1,098.

1. UNITED STATES MARSHALS—FEES—ACTIONS—FINDINGS OF FACTS.

In an action by a United States marshal against the United States to recover fees disallowed by the auditing department, a finding of facts by the trial judge, merely reciting the service, and that the marshal was entitled to recover therefor, but not sufficiently specific to enable the appellate court to determine the government's liability, is not a sufficient compliance with Act Cong. March 3, 1887, requiring the court in such cases to file a written opinion setting forth the specific findings of facts and its conclusions of law.

2. SAME—TRAVEL FEES—SINGLE TRIP.

Where a marshal makes a trip to arrest an offender, and also to subpœna witnesses, and serves both warrant and subpœnas, it constitutes one trip, for which he may charge either mileage to the furthest point traveled or his actual expenses, but he may not charge both, nor can he charge mileage for part of the trip and actual expenses for the other part.

3. SAME—TRAVEL IN ADJOINING DISTRICT.

A marshal traveling into a district adjoining his own to make an arrest may recover for mileage actually traveled in his own district, or for the distance traveled in the adjoining district, if he travel there with a warrant, and is deputized by the marshal of such adjoining district, who disclaims his fees in the case.

4. SAME—ENDEAVORING TO MAKE ARREST.

Where a marshal endeavors to make an arrest, or actually makes a trip with a warrant to arrest an offender, but fails, because the de-

fendant has fled, the marshal may recover his actual expenses, not exceeding $2 per day for each day actually spent.

In Error to the Circuit Court of the United States for the Middle District of Alabama.

This suit was instituted under the act of congress entitled "An act to provide for the bringing of suits against the government of the United States, approved March 3, 1887," by William H. Tisdale, United States marshal for the Middle district of Alabama, to recover from the United States certain fees and expenses alleged to have been earned by the marshal and his deputies, which said fees and expenses had been disallowed by the proper auditing department of the United States. The petition is admitted to be in proper form, and is accompanied by a bill of particulars, more or less definite, showing the amounts claimed, and for what services. The answer of the United States denies each and every statement, charge, averment, and allegation in said petition contained, except certain formal averments not necessary to mention. On these pleadings, the court in due course entered the following findings of fact and law, to wit:

"(1) William H. Tisdale was the marshal of the United States for the Middle district of Alabama from the 12th day of June, in the year 1893, until the 24th day of September, in the year 1897, and during all of the time during which the services hereinafter mentioned were performed. Harry Adams, W. F. Adams, G. W. Black, G. L. Bender, Young Blake, ——— Cartwright, W. B. Clark, J. H. Draper, J. L. Domingus, J. A. Dudley, M. C. Gannt, H. R. Gay, Hiram Gibson, G. W. Haden, B. H. Hill, J. W. Harmon, F. N. Holly, O. M. Hill, J. M. Johnson, John W. Powell, A. J. Phillips, G. W. Phillips, W. L. Pool, W. C. Stribling, W. C. Starke, C. C. Shields, G. W. Stevens, C. E. Taylor, and J. A. Treadwell were deputy marshals, duly appointed, qualified, and acting under the said William H. Tisdale, marshal as aforesaid, and while acting as such deputy marshals performed the services and incurred the expenses hereinafter shown at the instance and request of the United States, for the said William H. Tisdale, marshal as aforesaid, as follows, to wit: In twenty-one different cases, the defendant was released on temporary bond pending an investigation. At the termination of said investigation in each of said cases, the defendant was required to give another bond for his appearance to answer the charge. The court finds that in each of said twenty-one cases a fee for taking the last bond mentioned, at fifty (50c.) cents for each bond, is allowable,—total, $10.50. In fifty-one different cases, the deputy traveled with a warrant for defendant and subpoenas for witnesses to the place of arrest. After arresting the prisoner, he served the subpoenas beyond the place of arrest. He charged mileage on the warrant from point where warrant was received to place of arrest, and from the place of arrest he charged actual expenses in lieu of mileage in summoning the witnesses. The deputy actually expended money in serving subpoenas for the United States, for which no mileage has been allowed, and the amounts expended were, respectively, as follows: $1, $2.50, $2, $10.42, $3.28, $2.40, $13.45, $10.25, $2, $3.75, $3, $3.25, $3, $3.75, $3.75, $10.25, $4.50, $14.46, $4.25, $8.75, $1, $2, 60c., $13.45, $10.25, 75c., $2.25, $3, $8, $3.75, $2, $1.52, $1.80, $2.82, $2.39, $1.40, 60c., $2.20, $1.60, $1.50, 30c., $1.66, $8.17, $1.98, $3.10, $1.50, $2.15,—making a total of $195.10. In thirty-six different cases, warrants were issued in the Middle district of Alabama for defendants, who were arrested on said warrants by one of the above-mentioned deputies in another district, and brought before a commissioner in said Middle district, without a warrant of removal, the prisoners being willing to come without said warrant of removal. The marshal of said other district in each case deputized the deputy of Marshal Tisdale to make the arrest, and disclaimed all fees in each case. The mileage earned in each of said cases was, respectively, as follows: $7.50, $33.75, $10.86, $16.56, $15.78, $15.90, $16.56, $16.20, $15.78, $15.66, $3.06, $17.45, $9.84, $10.92, $9, $40.35, $37.78, $37.62, $53.52, $66.12, $54.54, $14.10, $5.71, 78c., $20.47, $7.64, $26.96, $40.02, $36.35, $11.33, $7.80, $11.10, $4, $22.20, $31.98, $12.06,—making a total of $757.25. In twenty-

two different cases, a deputy was engaged a number of days in endeavoring to make an arrest, and was in each case allowed for one day less than the court finds the deputy was actually engaged. The court finds that there were twenty-two days in which the deputies were engaged not allowed for by the treasury department, and the court allows the same at $2 per day, making a total of $44.00. In twenty-four different cases, the treasury department disallowed mileage in going to arrest and in returning with the prisoner, upon the ground that the route traveled was not the nearest practicable route. The court finds in each of said cases that the route traveled was the usual and nearest practicable route, and allows the mileage disallowed by the treasury department in said cases, respectively, as follows: 96c., $6.76, $6.24, $6.76, $6.76, $3, $1, $2.43, $3.96, $2.92, $2, $2.08, $2.34, $3.73, $4.48, $5.98, $5.20, $3.87, $3.01, $5.82, $3.48, $5.10, $9.50, $2.13,—making a total of $96.11. In twenty-seven different cases, the mileage was disallowed by the treasury department, because of the belief that the prisoner, when arrested, was not carried before the nearest commissioner. The court finds in each case that the prisoner was carried to the nearest commissioner, and that the mileage in said cases, respectively, was: $12, $15, $21.80, $18.80, $18, $18.80, $6.60, $14.60, $17, $14.60, $14.80, $9.80, $14.80, $12.20, $8, $9.60, $10.20, $10.20, $10.40, $6, $14, $14.80, $13.40, $9.20, $9.20, $13.40, $13.60,—making a total of $350.60. The court finds that it ordered the marshal, in order to preserve order, to employ an additional bailiff, making four in all, and that this bailiff was employed and served 15 days, $2 per day allowed,—$30.00. In four different cases, the deputy actually made a trip with a warrant to arrest the defendant, but did not arrest because the defendant had flown. The defendant was afterwards arrested, and mileage for the number of miles traveled when the arrest was made was paid, but mileage when the deputy failed to arrest was disallowed. The court finds that mileage was earned on the trips made when the arrest was not made, viz., $5.52, $8.88, $9.90, $1.08, making a total of $25.38. The court finds that a bench warrant, together with certified copy of indictment, was issued from the Southern district of Georgia, and sent to the marshal of the United States for the Middle district of Alabama to arrest a defendant at Lafayette, in said Middle district of Alabama. The deputy arrested the defendant at Lafayette, and carried him before a commissioner, at Opelika, Alabama, and thence, on order of removal issued by this court, to Georgia. The treasury department refused to allow mileage. The court finds that the mileage is allowable, viz., $21.76. The court finds that for lodging and feeding prisoner there was actually expended on different occasions, respectively, 75c., 75c., $1, $1, 25c., 25c., 25c., 25c., 50c., 25c., $3, 50c., $2.25, making a total of $11.00. The court finds that Deputy Powell was forced to place his prisoner in a calaboose of a town over night, and that the fees actually paid to the town authorities amounted to $4. The amount allowed by the treasury department was $1. The court rules that the actual expense should be reimbursed, and allows the balance, viz., $3.00. The court finds that Deputy Black went from Montgomery with revenue officers for the purpose of raiding a distillery. The defendant was found actually running the distillery, and arrested by the deputy, and carried to Montgomery, where a warrant was issued. Mileage for the deputy and prisoner from the place of arrest to Montgomery is allowed, viz., $14.40. The court finds that deputies attended on hearings before commissioners five separate days, for which nothing has been paid, and allowance at $2 per day is made, $10.00,—making a grand total of one thousand five hundred and fifty-eight dollars and sixty cents ($1,558.60). The court further finds that not one of the items hereinabove mentioned and allowed has ever been allowed or paid in any manner, and that all of said items herein allowed and found to be due have been presented by said William H. Tisdale, as marshal as aforesaid, in his account, were regularly approved and allowed by the court and by the district attorney of the United States, but were disallowed by the accounting officers of the treasury of the United States. The court further finds that each and all of said services herein mentioned and allowed for were actually performed, and that each and all of the expenses herein mentioned and allowed were actually incurred, and the mileage actually earned, and that no part of the

same has ever been paid, and therefore the court files the following as its findings of law:

"(2) The court decrees and holds that under the provisions of the statutes of the United States regulating the fees to be paid and the expenses to be allowed to marshals of the United States in existence and in force at the time said services were rendered and said expenses incurred, the services and expenses hereinbefore mentioned and allowed for are, each and all, proper charges against the United States. It is therefore ordered, adjudged, and decreed by the court that the following judgment and this finding of facts and law be entered upon the minutes of this court as the decree of the court in this cause, viz.: It is ordered, adjudged, and decreed that William H. Tisdale, the petitioner, have and recover of and from the defendants, the United States of America, the full sum of fifteen hundred and fifty-eight dollars and sixty cents ($1,558.60), together with the costs in this behalf expended.

"Rendered in term time, this 23rd day of May, A. D. 1901.

"John Bruce,
"Judge of the District Court of the United States for the Middle District of Alabama."

On the same day a bill of exceptions was allowed and filed, containing exceptions to the finding of facts as incomplete and obscure, and not a substantial compliance with the law, and also specifically excepting to every fact found on the same ground and to all the findings of law. The United States sued out this writ of error, assigning as errors substantially the same matters set forth in the bill of exceptions.

W. S. Reese and J. Sternfeld, for the United States.

Thos. H. Watt, Alexander Troy and F. G. Caffey, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). The statute on which this suit is brought provides that "it shall be the duty of the court to cause a written opinion to be filed in the cause setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case, and to render judgment therein." The first and second assignments of error are as follows:

"(1) The court erred in making the finding of facts of May 23, 1901, because it is incomplete, obscure, is not a substantial compliance with the law, and because it does not comply with the act of March 3, 1887.

"(2) The court erred in making up each and every finding of fact set out in the finding of facts made herein on May 23, 1901, because each item thereof is incomplete, obscure, is not a substantial compliance with the law, and because it does not comply with the act of March 3, 1887."

The finding of facts in this case is not sufficiently full and specific, in regard to many of the items allowed, to enable this court to determine, even by reference to the bill of particulars attached to the petition, whether any liability to the United States results therefrom; and the finding of facts as a whole is incomplete and obscure, and not, in our opinion, a substantial compliance with the law. Therefore the first and second assignments of error are well taken, and this renders it necessary to reverse the judgment of the circuit court and remand the cause for a new trial.

On a new trial many of the questions argued in this hearing may not arise, but, at the same time, we deem it proper to partially dis-

cuss some of the items allowed on the former trial; thus indicating certain facts necessary to be specifically found in order to determine the government's liability. The court found that in 51 cases the deputy traveled with a warrant and subpoenas for witnesses, and an allowance of $195.10 is made, in addition to mileage, for expenses; but there is no specific finding as to the distance traveled, the mileage charged, nor the actual expense incurred,—these matters being covered by finding that "the deputy actually expended money in serving subpoenas for the United States for which no mileage has been allowed." Where the marshal or his deputy travels with a warrant for the arrest of an accused person, and also with subpoenas for witnesses, and on the same trip serves both warrant and subpoenas, it constitutes one trip, for which the marshal may charge, at his option, either mileage to the furthest point traveled or his actual expenses, but he may not charge both; nor may he divide the trip and charge mileage for part and his actual expenses for the other part.

The court allowed $757.25 for mileage in making arrests in adjoining districts on warrants issued in the Middle district of Alabama, without finding the travel in the adjoining district was on a warrant issued therein. The finding is not specific as to how much of the travel was within the Middle district of Alabama or how much was in the adjoining district. Where the marshal or his deputy, armed with a warrant for the arrest of an accused person, travels out of his district into an adjoining district, and there makes the arrest, he may recover his mileage for the distance actually traveled within his own district, and, further, for such distance as he may have traveled in the adjoining district, provided he there travels with a warrant and is deputized by the marshal of the adjoining district, who disclaims his fees in such case.

Two items are allowed for "endeavoring,"—one on the basis of mileage, and one as per diem, without finding actual expenses and number of days engaged in regard to either. Where the marshal or his deputy is engaged in endeavoring to make an arrest, or actually makes a trip with a warrant to arrest an offender, but does not arrest, because the defendant has fled, he may be allowed, for so "endeavoring," his actual expenses, not to exceed $2 per day each day actually engaged.

The judgment of the circuit court is reversed, and the case is remanded.