## UNITED STATES v. A. B. LEACH & CO., Inc.

### No. 5706.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1936.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, John MacC. Hudson, and E. F. McMahon, Sp. Assts. to the Atty. Gen., and Michael L. Igoe, U. S. Atty. of Chicago, Ill., for the United States.

E. J. Blair, George K. Bowden, and Vincent J. Heffernan, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The government appeals from a judgment in favor of a taxpayer ordering a refund to the latter of certain taxes held by the District Court to have been wrongly assessed and collected under section 800 et seq. (title 8), Schedule A (3) of the Revenue Act of 1926, (44 Stat. 99, 101 (see 26 U.S.C.A. §§ 900 note, 902) pertaining to stamp taxes.

The facts are disclosed only by the declaration to which the government demurred, and upon which judgment was entered when it declined to plead over. The taxpayer is a firm of investment brokers. In connection with its business, it organized various corporations, subscribing for the entire issue of their capital stock for the purpose of selling it to the public. Instead of having the stock issued in the firm name, it caused it to be issued in the name of an employee, one Vercouter, for convenience in contemplated sales to the public. The original issue of the stock by the new corporations was duly taxed under the provisions of section 800 et seq., Schedule A (2). The Commissioner then assessed an additional tax on the alleged transfer from the incorporator to its nominee, which tax the taxpayer paid under protest and then sought to recover by this action.

The government first argues that the judgment entered in this case should be reversed for failure of the court to render specific findings of fact and conclusions of law, and a written opinion, in accordance with the requirements of section 7 of the Tucker Act (28 U.S.C.A. § 764), pertaining to suits against the United States. While it would undoubtedly have been better practice to file a written opinion setting forth the findings of fact and conclusions of law, in view of the requirements of the statute, we think the failure of the court to do so under the circumstances of this case does not constitute reversible error. The government demurred to the declaration, thereby admitting all the pleaded facts, and leaving only the issue of law to be determined. As indicated by the order entered in the cause, this issue of law was developed by oral argument and briefs filed by both parties, and the merits of the claim were thereby established to the satisfaction of the trial court. He thereupon

filed a brief memorandum setting out the cases, on the authority of which he concluded that the taxpayer was entitled to recover. We think that the judgment based thereon is not subject to reversal because this memorandum was not accompanied by findings of facts as to which there was absolutely no argument. The cases upon which the government relies as authority for a contrary ruling all involved disputed issues of fact. In F. T. Dooley Lumber Co. v. United States, 63 F.(2d) 384, the Circuit Court of Appeals examined the evidence, setting much of it out in its opinion, and, upon finding that it supported the findings of fact, and that those findings supported the judgment, refused to reverse a judgment against a taxpayer. In United States v. Phillips, 24 F.(2d) 195, the Circuit Court of Appeals held that, although facts recited in the opinion of the District Court (12 F.(2d) 598) were sufficient to support its judgment on the interpretation of the Revenue Act on which it was based, when that interpretation was found erroneous by the Supreme Court in a related case, there were not sufficient facts found to enable the court to render judgment in the light of the decision of that related case, hence the case was remanded for retrial. In United States v. Tisdale, 114 F. 883, the Circuit Court of Appeals stated that the findings of fact were not sufficient, even by reference to the bill of particulars, to enable the court to determine whether or not any liability accrued to the government therefrom. In United States v. Kelly, 89 F. 946, the Circuit Court of Appeals stated that the findings entered by the District Court did not meet the requirements of the statute in that the only specific facts found related to items as to which it rejected the claim, while the facts upon which judgment was rendered were not stated at all by the court. The case had been referred to a master for taking evidence, and it appears that there were many disputed items. We think that none of these cases is authority for the reversal of the judgment under the facts here presented.

With respect to the question of law presented, the government contends that the issue of the stock to the nominee of the taxpayer constitutes a transfer of legal title to, or its rights to subscribe for, or to receive legal title to the certificates of stock, taxable under section 800 et seq., Schedule A (3).[1] Appellee contends, on the other hand, that there was no transfer at all, that the taxpayer retained all beneficial interest in the stock, subject to its ultimate sale to the public, and merely used its employee's name for greater convenience in effecting that ultimate sale.

We agree with appellee in its contention. We see no material distinction between the situation where a taxpayer takes title to stock in its own name, and where it uses the name of an agent. Certainly this does not present the shortcut in transfer of interest held taxable in the case of Raybestos-Manhattan, Inc., v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111. Here there is no such shortcut, for there is no transfer, either of legal title or of beneficial interest. We do not consider that the transaction whereby a principal uses the name of an agent in acquiring title to a property which it was entitled to acquire in its own name, results in a transfer of the title to that property to that agent. By such a transaction the taxpayer relinquishes nothing, and its agent receives nothing. The only transfer which has taken place here is from the newly organized corporation to the taxpayer in the name of the agent or nominee of the latter. The conclusion here reached is in accord with the decision of Union Trust Co. v. Heiner, 26 F.(2d) 391 (D.C.W.D.Pa.) with which we agree. Cf. United States v. Uhlmann Grain Co., 84 F.(2d) 901, decided by this court June 18, 1936.

Judgment affirmed.

[1] "Capital stock, sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to shares or certificates of stock or of profits or of interest in property * * * or to rights to subscribe for or to receive such shares or certificates, whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale, whether entitling the holder in any manner to the benefit of such stock, interest, or rights, or not." 44 Stat. 99, 101 (see 26 U.S.C.A. §§ 900 note, 902).