## STANDARD OIL CO. OF CALIFORNIA v. UNITED STATES. *

### No. 8390.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1937.

Felix T. Smith and Eugene D. Bennett, both of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., James W. Morris, Asst. U. S. Atty. Gen., and Sewall Key, J. L. Monarch, E. F. McMahon, and Lester L. Gibson, Sp. Assts. to Atty. Gen., for the United States.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In an action brought by appellant to recover stamp taxes paid to a former collector of internal revenue, judgment was rendered for appellee. This appeal was taken by appellant from the judgment rendered.

Appellant was organized as a Delaware corporation on January 27, 1926, to succeed two already existing companies, Standard Oil Company, a California cor-

*Rehearing denied July 26, 1937.

poration, and Pacific Oil Company, a Delaware corporation.

February 16, 1926, the California predecessor, proceeding under California Civil Code § 309½ asked, and on March 4, 1926, received, authorization from the Commissioner of Corporations to "* * * divide, withdraw and pay to its stockholders its capital assets in the following manner, to-wit: To transfer the assets * * * to [appellant] in consideration of the [appellant] delivering to the stockholders of the [California predecessor] * * * shares of the capital stock of the [appellant] * * * one share of stock in the [appellant] for one share of stock in the [California predecessor] * * *"

On March 8, 1926, said Standard Oil Company and said Pacific Oil Company entered into a written contract to transfer substantially all of their respective assets to the appellant in consideration for which it was to issue directly shares of its capital stock to their shareholders.

On March 29, 1926, pursuant to that agreement of March 8, the two companies transferred to appellant such assets, and on or about May 10, 1926, appellant issued its said shares to the stockholders of the two companies, upon receipt for cancellation of their shares of capital stock in the old companies.

Appellant paid the stamp tax for this transfer of the 12,602,434 shares of its capital stock issued to the former stockholders of the two predecessor companies, but no tax was paid on any transfer by the two predecessor companies to their respective stockholders of their interest in or rights to receive the title to or the shares of stock of the appellant. Appellant contends no such transfer was made.

On February 20, 1930, the Commissioner of Internal Revenue made an assessment of documentary stamp tax in the amount of $252,048.68 against "Standard Oil Co. (Delaware Corporation), Standard Oil Bldg., San Francisco, California," due under Schedule A (3) of title 8 of the Revenue Act of 1926, 44 Stat. 99–101, upon the transfer by the two predecessor companies to their stockholders of the companies' rights to receive from appellant the shares of its capital stock.

On or about March 5, 1930, the collector of internal revenue mailed his first notice and demand for payment of said assessment of tax addressed in the same incorrect manner.

On March 15, 1930, appellant filed its claim in abatement of taxes so assessed, which was rejected by the Commissioner on November 15, 1930, collection and interest thereon having been stayed while claim in abatement was pending.

On November 28, 1930, said collector mailed his second notice and demand for payment of the above assessment addressed in the same incorrect manner.

On December 2, 1930, notice and demand for payment of the above assessment was made, for the first time properly addressed to "Standard Oil Company of California, Standard Oil Bldg., San Francisco, California," and on December 3, 1930, the tax so assessed, in the sum of $252,048.68 was paid to the collector. On April 21, 1931, interest thereon was paid in the sum of $21,710.71. Thereafter, appellant filed its claim for refund of said tax and interest, which claim was rejected on March 3, 1932. Appellant filed suit on April 28, 1934, to recover the amounts so paid. Judgment was rendered for appellee, from which this appeal was taken.

The Revenue Act of 1926, Schedule A (3), imposes a tax: "On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to shares or certificates of stock, * * * or to rights to subscribe for or to receive such shares or certificates, whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale, whether entitling the holder in any manner to the benefit of such stock, interest, or rights, or not."

Appellant contends that there was no taxable transaction. We believe there was. Raybestos-Manhattan, Inc., v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111; Founders General Corporation v. Hoey, 57 S.Ct. 457, 460, 81 L.Ed. ——, decided by the Supreme Court, March 1, 1937. Appellant says: " * * * The whole California proceeding was based upon section 309½ of the California Civil Code as it then existed. Under this local law the old company commenced what amounted to a liquidation of its assets. Therein lies the essential difference between the case at bar and the Raybestos

Case." This distinction is disposed of by the following quotation from Founders General Corporation v. Hoey, supra: "The legality of the issuance of the stock in the names of the nominees rests on the fact that the taxpayers authorized such issuance and granted their nominees the right to receive the stocks entered in their names. The grant of that authority is a transfer of 'the right to receive' within the meaning of the act; and we are not to look beyond the act for further criteria of taxability. See Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199."

In the instant case the contract of March 8, 1926, transferred the right to receive, and such transfer is taxable.

■ Appellant contends that appellant is not the taxable party. The decisions cited above are conclusive upon the proposition that it was properly taxed.

■ The assessment was against "Standard Oil Co. (Delaware Corporation), Standard Oil Bldg., San Francisco, California." Appellant's correct name is "Standard Oil Company of California." It can be seen that the words "of California" were omitted from the assessment. Appellant contends that the assessment was invalid because "no such corporation was known." The name of a taxpayer in an assessment need not be "letter perfect." Ohio Locomotive Crane Co. v. Denman (C. C.A.6) 73 F.(2d) 408, 409. The assessment so unmistakably refers to appellant that it recognized, acted upon and paid it. We believe it was sufficient.

■ It is contended that the tax was barred by the statute of limitations. Under section 1106 (a) of the Revenue Act of 1926, 44 Stat. 113, the statute of limitations barred both the remedy and the right. Here the tax became due March 8, 1926, when the rights to receive the stock were transferred. The assessment was made February 20, 1930, and the tax was paid December 3, 1930. Section 1109 of the act in question provided in part:

"(a) * * * (1) * * * all internal-revenue taxes shall * * * be assessed within four years after such taxes became due. * * *

"(3) Where the assessment of any tax imposed by this Act * * * has been made * * * within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court * * * but only if begun (A) within six years after the assessment of the tax."

The assessment was made within four years "after such taxes became due," and appellee had six years thereafter to collect the tax. This contention is not well taken.

■ In section 1109 (a) (1) there is a provision that "no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due." It is not applicable for there was an assessment here, and no proceeding in court.

■ Rev.St. § 3182 (26 U.S.C.A. §§ 1531, and 1532 and note) provided that the Commissioner should certify a list of the assessments made to the proper collectors. It was further provided that in case the list was "imperfect or incomplete," he could within fifteen months from the time of delivery enter the corrected name on a monthly list. This provision has no application here, because we have held the original assessment sufficient.

Finally, appellant contends that the interest was wrongfully collected because the assessment was illegal and could not start the running of the interest. This contention is disposed of by our holding that the assessment was sufficient.

Affirmed.