### MIDDLE STATES PETROLEUM CORPORATION v. UNITED STATES.*

No. 42714.

Court of Claims.

Oct. 4, 1937.

For former opinion, see, 18 F.Supp. 945.

Thaddeus G. Benton, of New York City (Conard E. Cooper, of Tulsa, Okl., on the briefs), for plaintiff.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

*Writ of certiorari denied 58 S.Ct. 641, 82 L.Ed. ——.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

In view of the fact that in the second paragraph of the original opinion the name "Middle States Petroleum Corporation" was inadvertently used instead of "Middle States Oil Corporation" and a correction should be made accordingly, it has been thought best to also refer to other matters stated in the motion for new trial.

In the opinion rendered the court made a summary of the pertinent facts and it is now contended in support of the motion for a new trial that the statement so made was incorrect. With one exception the complaint is made on account of the omission of details which are entirely immaterial to the decision of the case and if included in the opinion would not serve any useful purpose. It is, however, specially urged that the court erroneously stated that the new corporation would issue stock "which the depositing note and bondholders, claimants, and stockholders would be entitled to receive on completion of the reorganization." The statement was correct. It is true that the stock under the reorganization agreement was to be issued directly to the voting trustees and the court so stated several times in the opinion, but the voting trustees had no beneficial interest in the stock and the "Plan and Agreement" expressly provided not only for the deposit of securities but that on the "completion of the reorganization and surrender of their certificates of deposit" the parties who had deposited their securities "will receive" bonds and stock in specified amount according to their rank, the portion that each should receive being stated in the agreement. Thus the disposition of the new stock was controlled by the agreement which the bondholders, claimants, and stockholders had entered into and under which their securities had been deposited. We think the case comes clearly within the rules laid down by the Supreme Court in Raybestos-Manhattan, Inc., v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111, and Founders General Corp. v. Hoey, 300 U.S. 268, 57 S. Ct. 457, 81 L.Ed. 639.

The error made in naming a corporation in the original opinion will be corrected, otherwise it will stand and the motion for new trial must be overruled. It is so ordered.