## UNITED STATES v. WESTBROOK-THOMPSON HOLDING CORPORATION.

No. 8531.

Circuit Court of Appeals, Fifth Circuit.

Feb. 4, 1938.

whether made * * * by any assignment in blank * * * or other evidence of transfer, * * * on each $100 of face value or fraction thereof, 2 cents." The agreed facts are that Westbrook & Co. endorsed in blank the certificates of stock standing in the partnership name and presented the same to the corporation for the reissuance of the shares in the individual names of the partners, one-half to each, and that the stock certificates so tendered were canceled and new certificates issued to the partners accordingly. No tax was paid, the deputy collector having advised that none would be due. It is argued that a partnership is not a separate entity from its members, as a corporation is separate from its stockholders, and that such a partition of the partnership property does not really change its ownership or title or effect any transfer. To this we do not agree. The title to the stock of the partnership was joint. In case of insolvency, partnership property must go first to partnership debts. In case of a partner's death, the survivor would take and administer it. A partner desiring individually to borrow on or sell his interest in the stock standing in the partnership name would be embarrassed. When his share in it is put into his own name, all this is changed. He no longer owns a half interest in each share, but owns severally and entirely his proportion of the shares. He may be no richer, but his title in each share has been altered. By the partition each partner transfers to the other his title in each share which goes to the other, and, when the new certificates are issued, as was done here, the legal title to every share has been changed from joint ownership to separate and individual ownerships. We think there has been a transfer of the legal title to the shares of stock, which is made taxable by the act.

Wm. B. Waldo and Sewall Key, Sp. Assts. to Atty. Gen., and James W. Morris, Asst. Atty. Gen., and J. L. Backstrom, Sp. Atty., Bureau of Internal Revenue, of Dallas, Tex., and Frank B. Potter, Asst. U. S. Atty., of Fort Worth, Tex.

Percy W. Phillips and James S. Y. Ivins, both of Washington, D. C., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

Westbrook-Thompson Holding Corporation was taxed under title 8, section 800, and Schedule A of the Revenue Act of 1926, 44 Stats. 99, 101, in respect of the surrender of shares of its stock held by and in the name of Westbrook & Co., a partnership composed of R. A. Westbrook and S. A. Thompson, and the reissue of the stock half to and in the name of each of the partners, they being equally interested in the partnership. Refused refund, it sued the United States and obtained a judgment. On this appeal therefrom the questions made are: First, Is the transaction taxable? Second, Is the Corporation liable for the tax?

On the first question the important words of the tax statute are: "Schedule A. * * * (3.) *Capital stock, sales or transfers:* On all * * * transfers of legal title to shares or certificates of stock * * * in any corporation * * *

The corporation had no interest in the transfer; and, after the original issue of corporate stock, which issue is separately taxed in Schedule A (2), a corporation commonly has no interest in the transfers of its stock. Unless the transferred certificates be brought to it for reissue, it would usually have no part in or even knowledge of the transfer. In such a case it would be unreasonable to tax it for a transaction it could not control. The words used in Raybestos-Manhattan v. United States, 296 U. S. 60, 61, 56 S.Ct. 63, 64, 80 L.Ed. 44, 102 A.L.R. 111, "Section 800 imposes liability for the tax upon the transferor, the trans-

feree and the corporation whose stock is transferred," may not apply to all cases. But we think they apply here. The parties to this transaction did not have it independently of and without the knowledge of the corporation whose stock was to be transferred. The partnership endorsed the certificates in blank and applied to the corporation for reissued ones in other names, and, after getting them, delivered them to the partners. The Westbrook-Thompson Holding Corporation participated in, in fact accomplished, the transfer by issuing the new certificates. Section 800, 44 Stat. 99, requires payment by any person who "signs or issues" certificates of stock as well as by those "for whose use or benefit the same are made, signed, issued [or] sold." The corporation here could have refused to issue the new certificates until the tax was provided for. In the Raybestos-Manhattan Case, supra, the corporation whose stock was transferred was held to pay the tax, although it had no interest in the transfer with reference to which the tax was assessed, it being a transfer from another corporation to its stockholders. The same thing was true in the case of the Automatic Shares Company dealt with in Founders General Corporation v. Hoey, 300 U.S. 268, at page 271, 57 S.Ct. 457, 458, 81 L.Ed. 639. See, also, Standard Oil Co. v. United States, 9 Cir., 90 F.2d 571. Under the agreed facts there should have been no recovery. The cause is reversed and remanded, with direction to enter judgment accordingly.