## UNITED STATES v. REVERE COPPER & BRASS, Inc.

### No. 72.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1938.

James W. Morris, Asst. Atty. Gen. (Sewall Key, Norman D. Keller, and E. F. McMahon, Sp. Assts. to Atty. Gen., and Ralph L. Emmons, U. S. Atty., and B. Fitch Tompkins, Asst. U. S. Atty., both of Syracuse, N.Y., of counsel), for the United States.

Wright, Gordon, Zachry & Parlin, of New York City (George H. Savage, John P. Ohl, and John A. Reed, all of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Higgins Brass & Manufacturing Company and the Michigan Copper & Brass Company, by their contracts, agreed to transfer their assets to the appellee in exchange for shares of its Class A and common stocks. Higgins was to receive 10,375 shares of Class A stock and 20,749 shares of common stock which it requested, by its order, be transferred by appellee to Kissel, Kinnicutt & Co., brokers; Michigan was to receive 48,000 shares of Class A and 95,000 shares of common stock which it requested be transferred to the American Smelting & Refining Company. These respective transfers were made. The appellant seeks to collect stamp taxes due under the provisions of § 800, 26 U.S.C.A. § 900, and Schedule A-3 of Title VIII, c. 27 of the Revenue Act of 1926, 44 Stat. 9, 99, 101. After the service of a second amended complaint, appellee moved on the pleadings, thus presenting the issues for dismissal of the complaint, and the motion was granted.

The amended complaint alleged that appellee, pursuant to the action of its Board of Directors, approved by its stockholders, authorized the issuance of the Class A and common stock referred to above, in consideration for the transfer to it of the entire business and assets of certain corporations, two of which were Higgins and Michigan; that pursuant to contracts therefor, the sellers conveyed and transferred their respective assets to the appellee in consideration, among other things, of the shares 'of stock issued and delivered, at the request of the purchasers, to the respective nominees in accordance with the terms of the contracts; that pursuant to said directions of said purchasers, the appellee issued and delivered the capital stock to the nominee; that

the transfers of the stock thus made constituted taxable transfers under the provisions of § 800, Schedule A-3 of the Revenue Act; that no part of the tax has been paid. The tax imposed is 2¢ per share and amounts to $3,482.48.

Section 800, ch. 27, 44 Stat. 9, 99, 26 U.S.C.A. § 900, provides: " * * * there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock * * * described in Schedule A of this title, * * * by any person who makes, signs, issues, * * * or for whose use or benefit the same are made, signed [or] issued, * * * the several taxes specified in such schedule."

And Schedule A providing for stamp taxes reads: "3. *Capital stock, sales or transfers:* On all * * * transfers of legal title to shares or certificates of stock * * * in any corporation, * * * whether made * * * by any assignment in blank * * *. or other evidence of transfer * * * on each $100 of face value or fraction thereof, 2 cents * * *." 44 Stat. 101.

The appellant has not attempted to enforce collection of such liability from the transferors or the transferees. Recovery of the tax is claimed upon such transfers made by and between the parties and is sought from the appellee issuing corporation (formerly the Republic Brass Corporation). The taxes sued for are distinct from the original issue tax imposed upon corporations issuing shares of stock under subdiv. 2 of Schedule A of Title VIII of the Act, 44 Stat. 101, which tax admittedly was paid on these shares.

■ These allegations of the complaint, admitted to be true for the purpose of the motion to dismiss, are that the appellee, pursuant to a written and a supplemental agreement, and in consideration of the property conveyed to it by Higgins and Michigan, issued in the names and delivered to the respective nominees, the shares of stock here referred to. Appellee's contention is that the facts stated in the complaint are not sufficient to constitute a cause of action because the appellee is not the transferor of the stock and therefore not liable for the tax imposed by statute. But the amended complaint sufficiently sets forth the facts of transfer by the issuing corporation to the nominees.

■ In Raybestos-Manhattan v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111, the Court said that § 800 imposed liability for the transfer upon the transferor, the transferee and the corporation whose stock is transferred. In Founders General Corp. v. Hoey, 300 U.S. 268, 57 S.Ct. 457, 81 L.Ed. 639, the court imposed a liability for the tax on the transferor; also against the issuing corporation in United States v. Automatic Washer Co., 300 U.S. 268, 57 S.Ct. 457, 81 L.Ed. 639. See, also, Standard Oil Co. of Cal. v. United States, 9 Cir., 90 F.2d 571. This court, in United States v. Consolidated Automatic Merchandising Corp., 2 Cir., 90 F.2d 598, 599, where, by an agreement between a corporation and its stockholders and voting trustees stock certificates were issued to the voting trustees, who issued trust certificates to the persons furnishing the consideration for the stock, held that there was a transfer of the stock by the holders of the voting stock certificates to the voting trustees which was subject to the stamp tax. We pointed out that the corporation as party to the agreement was benefited by the transfer and was liable for the tax. In United States v. Westbrook-Thompson Holding Corp., 5 Cir., 94 F.2d 532, the court upheld the stamp tax where upon the surrender of corporate stock owned by a partnership, it was reissued in the individual names of the partners. The court held that where a corporation accomplishes a transfer of its stock by issuing new certificates, it is liable for the tax on the transfer of the stock.

By the admitted allegations of the amended complaint, it is shown that the appellee was a party to the transfer and that the issuance to the nominees were made pursuant to contracts between the appellee and the purchasers. Therefore, under these circumstances, the appellee is liable for the tax in the absence of other defenses, imposed by the provisions of § 800, Schedule A-3, Title 8 of the Revenue Act, for there is an admitted taxable transfer of legal title to and the right to receive the shares of stock in the nominees.

Judgment reversed and cause remanded.