## IRON FIREMAN MFG. CO. v. UNITED STATES.

### No. 9111.

Circuit Court of Appeals, Ninth Circuit.

Oct. 13, 1939.

Charles E. McCulloch and Fletcher Rockwood, both of Portland, Or. (Carey, Hart, Spencer & McCulloch, of Portland, Or., of counsel), for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and James P. Garland, Sp. Assts. to Atty. Gen., Thomas R. Winter, Atty. Dept. of Justice, of Seattle, Wash., and Carl C. Donaugh, U. S. Atty., of Portland, Or., for the United States.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant sued to recover documentary stamp taxes exacted under § 800 and Schedule A–3 of the Revenue Act of 1926, 44 Stat. 99, 101, 102, 26 U.S.C.A. §§ 900, 908 (a), 902(b), 921(b) (1), providing, among other things, for a tax on the transfer of "rights to receive" corporate shares. The appeal is from an adverse judgment.

Appellant is an Oregon corporation. Originally its outstanding stock, amounting to 1,500 shares, was owned by four persons. On November 2, 1928, the shareholders, the corporation itself, and a third party entered into a written agreement for the reorganization and recapitalization of the corporation in order to increase its authorized capital to 200,000 shares. Under the terms of the agreement all of the shares were to be deposited with voting trustees. The details of the contract need not be enlarged upon further than to state that the increase in the capital stock was to be effected by the declaration of a stock dividend to the then stockholders "so that the entire authorized capital stock will be outstanding in the hands of the present stockholders."

On November 14 appellant's articles were amended by resolutions of the stockholders and directors to provide for the increase in capital stock from 1,500 to 200,000 shares, and the next day a voting trust agreement was executed by the stockholders and voting trustees. On November 16 appellant's board declared a stock dividend of 198,500 shares payable to the stockholders of record as of November 20, 1928. On November 19, pursuant to the contract above described, the stockholders transferred to the voting trustees the 1,500 shares held by them, and certificates for this stock were immediately issued to the trustees. The latter thus became on that date the stockholders of record. On November 20 appellant issued to the trustees a certifi-

832

cate for 198,500 shares, upon which a documentary stamp tax was paid as an original issue. The Commissioner assessed an additional stamp tax on the transfer by the stockholders to the trustees of their right to receive the shares issued as a stock dividend. The tax was paid under protest and the suit is to recover the amount paid.

Treasury Regulations 40 interpret the Act as including "the transfer of the right to receive a stock dividend already declared." Appellant's argument is that the mere declaration of a stock dividend does not vest any right in the stockholders as against the corporation; that the corporation may, at any time prior to the actual distribution of the dividend, rescind the resolution declaring it without imposing any obligation on the corporation. Hence that there was here no transfer of a *right* to receive stock as contemplated either by the act or by the regulation.

We need not consider the validity of this argument as an abstract proposition, for there was more in the present transaction than the naked declaration of a stock dividend. After the dividend was declared, and prior to its distribution, the stockholders transferred to the trustees whatever right they had to receive it. The actual distribution to the transferees followed. All these steps were taken pursuant to the contract of November 2, to which appellant was a party. The whole purpose of the contract was to bring about an increase in appellant's authorized capital and a like increase in its outstanding stock through the declaration and distribution of the dividend. Appellant says that it was obligated to perform only the covenants which it had specifically agreed to perform, and that the issuance of the stock dividend was not one of them—that its stockholders had merely agreed "to cause" the corporation to issue the stock. However, the contract recites that appellant's board of directors "by resolution duly adopted have ratified and approved all of the provisions of this agreement and have authorized the execution of the same on its behalf by its duly authorized officers."

As said of this statute in Raybestos-Manhattan v. United States, 296 U.S. 60, 63, 56 S.Ct. 63, 65, 80 L.Ed. 44, 102 A.L.R. 111, "the reach of a taxing act whose purpose is as obvious as the present is not to be restricted by technical refinements." The transfer was clearly taxable.

Affirmed.