**CITY BANK FARMERS TRUST CO. v. HOEY, Collector of Internal Revenue.**

**No. 174.**

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1942.

SWAN, Circuit Judge, dissenting.

Rollin Browne and George Craven, both of New York City (Mitchell, Taylor, Cap-

ron & Marsh, of New York City, of counsel), for plaintiff-appellee.

Mathias F. Correa, of New York City (Myles J. Lane, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellant.

Mudge, Stern, Williams & Tucker, of New York City (Joseph B. Lynch, of New York City, of counsel), on brief amicus curiae for President and Directors of the Manhattan Co.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts are stipulated. Bank of America Trust Company merged into City Bank Farmers Trust Company under Article 12 of the Banking Law of New York, Consol. Laws, c. 2. City Bank Farmers Trust thereupon succeeded Bank of America Trust in its fiduciary capacity as executor, administrator, trustee and custodian or safe-keeping agent for various trusts, estates and customers, under Section 494(2) of Article 12. Stock certificates held in these accounts which were registered in the name of Bank of America were surrendered for new certificates registered in the name of City Bank Farmers Trust. There was no change in the registration of the stock certificates held in these accounts which stood in bearer form or in the names of nominees or of trust grantors. The Commissioner of Internal Revenue ruled that there were taxable transfers of these stocks, and the taxes assessed were paid by appellee. In this action, brought to recover the amounts thus paid, appellee recovered judgment.[1]

■ 1. There was no transfer of either legal or beneficial title to the securities held as custodian. Accordingly, the District Court correctly held that they were not subject to the tax.

2. As to the securities held in trust, the situation is different. Legal title was transferred. The statute taxes transfers of legal title and makes no exception of a category of transactions involving transfers "by operation of law." As we said in Weil v. United States, 2 Cir., 115 F.2d 999, 1002, "The Supreme Court construed the statute imposing the transfer tax literally in Raybestos-Manhattan, Inc. v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111, and Founders General Corp. v. Hoey, 300 U.S. 268, 57 S.Ct. 457, 81 L. Ed. 639, and was altogether strict in subjecting the transfers to a tax."[2]

■ The only basis for the claimed exemption must be found, therefore, in the Regulations. Regulations 71, as in effect in 1931, the pertinent year, contains no provision exempting all "transfers by operation of law." It is more selective. Clause 35(q) provides: "Transfers of shares or certificates of stock which result wholly by operation of law are not subject to the tax. Transfers of this character are those which the law itself will effect without any voluntary act of the parties, such as the transfer of stock from decedent to executor." That exemption does not, in literal terms, cover this case, since the transfer here did not occur "without any voluntary act of the parties." It is argued, in effect, that "the parties" means, in such a case as this, the trustee bank and the beneficiary of the trust. But that interpretation necessitates the widening of an administrative exemption the validity of which, it might perhaps be asserted, is itself not altogether free from doubt in the light of the provisions of the governing statute and the strict construction given to them by the Supreme Court. More than that, the illustration given in Article 35(q) of the exemption there conferred is "the transfer from a decedent to executor," a case markedly unlike that before us.

---

[1] The pertinent provision of the statute, Revenue Act of 1926, Title VIII, § 800, Schedule A–3, is as follows: "Schedule A.—Stamp Taxes. * * * Capital stock, sales or transfers: On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to shares or certificates of stock or of profits or of interest in property or accumulations in any corporation, or to rights to subscribe for or to receive such shares or certificates, whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale, whether entitling the holder in any manner to the benefit of such stock, interest, or rights, or not, on each $100 of face value or fraction thereof, 2 cents, and where such shares are without par or face value, the tax shall be 2 cents on the transfer or sale or agreement to sell on each share: * * * ". 26 U.S.C.A.Int.Rev.Acts, page 289.

[2] Cf. Niagara Hudson Power Co. v. Hoey, 2 Cir., 117 F.2d 414.

■ More similar is the administrative exemption under Article 35(b), i. e., the transfer of shares "from the name of a deceased or resigned trustee to the name of a substituted trustee appointed in accordance with the terms of the trust agreement;" the regulation calls such a transfer one "resulting wholly by operation of law." But this case does not come within the literal terms of that regulation. The trustee here is not deceased nor did it resign. If the regulation contained additional language reading "or any other case where there is a transfer to a substituted trustee appointed in accordance with the trust instrument," much might be said for the argument that the New York merger statute is to be regarded as part of the trust instrument, that under that statute, the new bank is substituted as trustee, and that therefore the transfer came within the regulation. But the regulation does not so read. The most that can be said is that the situation here is closely analogous to those included within the regulation.[3] But we have no power to extend by analogy such a regulation under a statute which itself is to be strictly construed.

■ Article 34(s) of the Regulations provides that on a merger the transfer of stock "owned by" a corporation merged into another corporation "is a transfer by the act of the parties, and not wholly the operation of law." We agree with appellee that "owned" means "beneficially owned" and that this case does not fall within that provision, since here the stocks were not "owned" beneficially by the merging bank. But that appellee escapes that provision does not help it, unless we were to say that Article 34(s) by implication exempts mergers which it does not describe. We lack the power to stretch the literal terms of such an administrative exemption, under this statute, by such an implication.

■ It is urged that the Regulations are unreasonable in excluding from the exemptions a case such as this, while including others much like it. We are inclined to agree that there is not much reason in the distinctions in that respect, and we confess that it irks us to decide this issue against appellee. But we have no administrative power to amend the Regulations. It might perhaps be true (although we do not so decide) that such unreasonableness invalidates the Regulations and destroys all the exemptions described therein; but it cannot be said that such unreasonableness widens the exemptions which the Regulations confer.[4]

As this statute—and therefore the administrative exemptions—must be strictly construed, we think that United States v. Merchants Nat. Trust & Savings Bank, 9 Cir., 101 F.2d 399, was wrongly decided. Regretfully, we hold that, on this point, the District Court erred.

The order of the District Court is affirmed as to the securities held as custodian, and is otherwise reversed. Since the stipulation of facts does not reveal what part of the interest assessed is due on the taxes here sustained, we remand for such a computation.

SWAN, Circuit Judge (dissenting).

In my opinion the judgment of the district court should be affirmed in full. It does not seem to me that we should unduly strain the language of Article 35(h) of Regulations 71 to hold that the transfer of trust securities effected by the merger is a transfer from the name of a "resigned trustee to the name of a substituted trustee appointed in accordance with the terms of the trust agreement." This was the decision in United States v. Merchants Nat. Trust & Savings Bank, 9 Cir., 101 F.2d 399. I think it is correct and should be followed. A trustee "resigns" when he gives up his office by voluntary act. Whether the voluntary act is evidenced by a formal declaration that he will no longer serve or by the execution of merger documents which by operation of law preclude further service should be immaterial with respect to taxability of the transfer of securities from the old trustee to the new.

---

[3] The decisions of the New York courts are not controlling here. See Weil v. United States, supra.

[4] Alpert, Constitutionalizing the Unconstitutional, 28 Am. Bar Assn. J. (1942) 29, suggests that, in certain instances, the courts should "constitutionalize" a statute, otherwise invalid because of its exclusions, by extending its benefits so as to eliminate the improper exclusions. But even that novel doctrine is limited in scope, has not been adopted by the Supreme Court, and would be inapplicable, we think, to regulations under this statute.