## LEMBCKE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 125.

Circuit Court of Appeals, Second Circuit.

April 4, 1942.

Albert E. James, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Gerald L. Wallace, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The deficiency in dispute arose from the Commissioner's treating as income for the year 1936 the full amount of a dividend declared and paid in that year upon the taxpayer's six per cent. cumulative preferred stock of Wood Preserving Corporation. Only part of such dividend was actually paid to the taxpayer, the remaining portion having been paid at his direction to Koppers Company as reimbursement for sums previously received by him from Koppers Company or its predecessor in interest, American Tar Products, under a contract for the purchase of his Wood Corporation stock. It is the taxpayer's contention that so much of the dividend as was paid direct to Koppers Company should not be included in his gross income for the year 1936.

The case was tried upon stipulated facts. In 1933 the Tar company modified a prior contract made with the taxpayer and other owners of Wood preferred to provide for the purchase of their shares over a term of years. The 1933 contract provided in paragraph 2 that if the Wood company should fail to pay semi-annual dividends of 75 cents per share in each of the years 1933 to 1937 inclusive, the Tar company would make up the difference, but should be entitled to reimbursement of the amounts so paid "if, as and when dividends in excess of $1.50 per share in any one year shall be declared by the Wood Preserving Corporation, and the stockholders direct the Wood Preserving Corporation to make such payments." The purchase price to be paid for the stock was "par plus accrued dividends, with proper credits for any sum of money advanced by Tar Company under the provisions of Paragraph 2 for which it shall not have been reimbursed as hereinabove provided." Pursuant to the terms of the agreement the Tar company or its successor in interest, Koppers Company, paid the taxpayer 75 cents per share on June 30, 1933, and semi-annually thereafter up to and including June 30, 1936. The amounts so received in each year were included as income in the taxpayer's return for such year. The Wood company declared no dividends until December, 1936, when it declared a cash dividend of $6 per

share upon its preferred stock to "be applied against the accrued dividends due thereon." After the declaration of this dividend and prior to the date of payment, December 21, 1936, the taxpayer instructed the Wood company to pay $30,922.50 thereof to Koppers Company, and this was done. His return for 1936 reported as income $4,-417.50, representing the payment made by Koppers 'Company on June 30, and a like sum representing the dividend received from the Wood company. The commissioner surcharged the return with $26,505 to include the full amount of the dividend paid on his stock.

██ The taxpayer argues that the sums received under his contract in 1933, 1934 and 1935 were income in those years respectively and were taxed as such, and consequently so much of the 1936 dividend as was used to reimburse the purchaser was not income of that year. This is a perfect non sequitur. The 1936 dividend was completely within the taxpayer's control. It was optional with him under the contract whether to keep it for himself, thereby reducing what he would subsequently receive from the purchase of his stock, or to direct payment of it to Koppers Company and thus revive its obligation to pay par plus accrued dividends. Being unqualifiedly subject to his demand, the dividend was income to him. Treas.Reg. 94, Art. 42-3. Even had he been under a contractual duty to use the dividend as he did, it would have been income taxable to him in 1936, for "Income is not any less the taxable income of the taxpayer because by his command it is paid directly to another in performance of the taxpayer's obligation to that other." Raybestos-Manhattan, Inc., v. United States, 296 U.S. 60, at page 64, 56 S.Ct. 63, 65, 80 L.Ed. 44, 102 A.L.R. 111. Nor is it necessary to consider whether or not the taxation as income of the payments received from the purchaser in earlier years was correct—although it would seem plain that they were merely advanced instalments of the purchase price. But however that may be, an overtax in those years would not justify the omission from the 1936 return of what was clearly income in that year. § 42, Rev. Act of 1936, 49 Stat. 1666, 26 U.S.C.A. Int. Rev.Code, § 42; see Bigelow v. Bowers, 2 Cir., 68 F.2d 839, certiorari denied 292 U.S. 656, 54 S.Ct. 864, 78 L.Ed. 1504. The taxpayer's gross income for 1936 could lawfully be reduced only by permissible deductions pursuant to the provisions of the Revenue Act. He has not claimed that the sum paid Koppers Company was a deductible business expense or loss sustained during the year. Nor could he so claim, for the payment was optional and its effect was merely to increase what he will receive as the purchase price of the stock when the purchaser becomes obligated to pay for it. In our opinion North American Oil Consolidated v. Burnet, 286 U. S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, upon which the petitioner strongly relies, has nothing to do with the question presented by the case at bar.

Order affirmed.