

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4339
Re: Is the surrender of shares of capital stock by the individual shareholder to the issuing corporation, for cancellation and extinguishment, subject to the stock transfer tax levied by Article XV, House Bill 8, Acts, Regular Session, 47th Legislature?

Your letter of January 17, 1942, submits for our opinion the following question which we quote therefrom:

"Combined Oil Company, a joint stock association operating under a declaration of trust, recently gave Carl P. Bruner an interest in an oil payment for 1,000 shares of stock in said association. The stock certificate was indorsed 'surrendered for cancelation and retirement' and the capital stock was thereby reduced.

"Please tell me whether or not this transaction is subject to the tax levied by Article XV of House Bill 8 of the Forty-seventh Legislature."

Section 1 of the above cited Act levies the following tax:

"There is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, or certificates for rights to stock, or certificates of deposit representing an interest in or representing certificates made taxable under this Section in any domestic or foreign association, company, or corporation, or certificates of interest in any business conducted by trustee or trustees made after the effective date hereof, whether made upon or shown by the books of the association, company, corporation,

or trustee, or by any assignment in blank or by any
delivery of any paper or agreement or memorandum
or other evidence of sale or transfer or order for
or agreement to buy, whether intermediate or final,
and whether investing the holder with the beneficial
interest in or legal title to such stock or other
certificate taxable hereunder, or with the posses-
sion or use thereof for any purpose, or to secure the
future payment of money or the future transfer of any
such stock, or certificate, on each hundred dollars
of face value of fraction thereof, three (3) cents,
* * * *."

Construing the Federal Stock Transfer Tax Act, substan-
tially similar textually, (26 U.S.C.A. 1802) the courts have
held that the imposing of a stamp tax on all sales, agreements
to sell, memoranda of sales or deliveries or transfers of legal
title to any shares or certificates, included every transaction
whereby the right to be or become a shareholder of a corporation
or to receive any certificate of any interest in its property was
surrendered by one and vested in another. Niagara Hudson Power
Company vs. Hoey, 34 Fed. Supp. 302, affirmed 117 Fed. (2d) 414,
certiorari denied, 61 Sup. Ct. 95, 313 U.S. 571. Glenn L. Martin
Company vs. United States, 21 Fed. Supp. 562; Raybestos-Manhattan
vs. United States, 56 Sup. Ct. 63, 296 U.S. 60, 80 L. Ed. 44, 102
A.L.R. 111, affirming 10 Fed. Supp. 130. Westbrook-Thompson
Holding Corporation vs. U.S. 18 Fed. Supp. 289.

Article 35 (f) of Regulation 71 of the U.S. Treasury
Department declares "the surrender of stock for extinguishment"
to be a transaction not subject to this stock transfer tax law,
which, as we have stated, is substantially identical, regarding
the incidence of the tax, to the Act before us.

Moreover, in the case of Glenn L. Martin Company vs.
United States, supra, the court, in holding a transaction identi-
cal to the instant one to be non-taxable, made the following per-
tinent comment:

"The legal effect of the transaction shown to
have been intended in its inception and finally con-
summated in appropriate legal form was the actual
retirement of the stock. The surrender of the stock
did not transfer to the corporation any title or
ownership therein, either beneficial or only legal,
as it was delivered expressly for cancellation, and
was intended to be retired and extinguished, and not
to be kept alive for any purpose. The legal distinc-
tion important here is that between the surrender and
retirement of issued stock, and the transfer of stock

to a corporation to be held as treasury stock.  In the former case, which is the one we have here, the stock was intended to be and was actually retired, and had the status thereafter of stock authorized to be issued but not issued; and thereafter the corporation could not have properly reissued the stock so retired except on the same conditions and under the same Maryland corporate law provisions as applied to originally authorized but unissued stock.  In contradistinction therefrom stock, transferred or delivered to a corporation by a stockholder to be held as treasury stock, is held by the corporation for its own use, benefit and disposition without the legal requirements pertaining to the original issue of authorized but unissued stock; and treasury stock is not in fact cancelled or extinguished but is kept alive as a treasury asset of the corporation."

Although the administrative rulings and court decisions above adverted to are not controlling of the situation before us, this prior construction of a stock transfer tax having a similar incidence to that levied by the subsequent Act under consideration, holds considerable persuasive merit, especially in view of the fact that we find no decisions or administrative rulings to the contrary upon a similar tax levy by the state of New York, from which we understand the Texas Act to be patterned.

Aside from these considerations, however, it appears a holding that the instant transaction was not taxable would be supported by the better reasoning.  The text of the Texas Act and the decisions, supra, indicate, generally and fundamentally, that the tax is levied upon any one of several taxable events or transactions looking to a transfer of the title or ownership, legal or equitable, of shares of stock out of one person, firm or corporation into another, so as to vest in the latter all of the rights and incidents of stock ownership.  Both a transferor and transferee are contemplated.  The surrender of stock for cancellation or extinguishment, for the purpose of effecting a duly authorized reduction of capital stock, does not vest in the corporation any of the legal or beneficial rights or incidents of stock ownership, such as would be the case if such stock was purchased and held by the corporation as treasury stock.  The return to the corporation for cancellation and extinguishment, of issued and outstanding stock, is complementary to the original issue of such stock out of the corporation, which we have held to be non-taxable in our Opinion No. O-3594, directed to you.

It is accordingly our opinion that the transaction outlined in your letter is not subject to the stock transfer tax levied by Article 15, House Bill 8, Acts, Regular Session, 47th Legislature.

        Trusting the foregoing fully answers your inquiry, we are

                    Yours very truly

               ATTORNEY GENERAL OF TEXAS

                    By s/ Pat M. Neff, Jr.
                        Pat M. Neff, Jr.
                        Assistant

PMN:ej:wc

APPROVED FEB 26, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By_s/BWB_Chairman