HOLLISTER et al. v. UNITED STATES.

No. L–4916.

District Court, E. D. Washington, N. D.

Feb. 13, 1941.

James A. Brown, of Spokane, Wash., for plaintiffs.

Lyle Keith, Dist. Atty., and Harvey Erickson, Asst. Dist. Atty., both of Spokane, Wash., for defendant.

SCHWELLENBACH, District Judge.

This action is brought by plaintiffs to recover from the Government $2,081.27,

plus interest, being the amount paid by the plaintiffs as documentary stamp tax under the provisions of Schedule A—3, Title VIII, § 800 et seq., of the Revenue Act of 1926 as amended, 26 U.S.C.A. Int.Rev. Acts, page 289. The following facts are not in dispute:

November 15, 1933, plaintiffs entered into an agreement with the Washington Trust Company, a corporation, which had as its purpose the protection of the continuity of operation of Hollister-Stier Laboratories, a corporation, after the death of either of them. This agreement provided that all of the shares of stock in the Hollister-Stier Laboratories owned by each of the plaintiffs would be endorsed in blank and *deposited with the Trustee* for delivery to the survivor upon the death of either of the plaintiffs. In compliance with that agreement each plaintiff did endorse in blank his certificate in the corporation evidencing ownership of 24,782 shares of the capital stock of the corporation and deposited the same with the trustee. No documentary stamp tax was paid on the transaction until it was regularly assessed and collected by the Bureau of Internal Revenue.

All preliminary steps from the commencement of this action were concededly taken by the taxpayers. In this action the taxpayers seek the refund of the taxes paid by them under protest.

The 1932 amendment to the Revenue Act, 47 Stat. 272, 26 U.S.C.A. Int.Rev. Acts, page 630, lays a tax "on all sales, or agreements to sell, or memoranda of sales *or deliveries of,* or transfers of legal title to any of the shares or certificates * * * *or by any assignment in blank, or by any delivery,* or by any paper or agreement or memorandum or other evidence of transfer or sale (whether entitling the holder in any manner to the benefit of such share, certificate, interest, or rights, or not)." The statute by specific proviso exempts from the tax (1) the deposit of certificates as collateral security, (2) delivery or transfers to a broker or from a broker to a customer, (3) deliveries or transfers from a fiduciary to a nominee of such fiduciary or from one nominee of such fiduciary to another nominee.

■ The language of the foregoing statute *is plain and understandable.* It requires the payment of a tax upon all deliveries of certificates of stock whether by

assignment in blank or by any delivery or by any paper or agreement whether entitling the holder in any manner to profit by such share or certificate or not.

As the Supreme Court states in Founders General Corp. v. Hoey, 300 U.S. 268, 57 S.Ct. 457, 460, 81 L.Ed. 639: "The statute defines the scope of the tax in terms whose breadth is emphasized by the careful particularity of its provisos. Especially indicative of Congressional intention that nominee transactions generally should be subject to the tax are the provisos added by the Revenue Act of 1932, June 6, 1932, c. 209, § 723, 47 Stat. 273 [26 U.S.C.A. Int.Rev.Acts, page 630], and the Act of June 29, 1936, c. 865, 49 Stat. 2029, * * which except certain specifically described transfers to nominees."

■ The transaction herein involved clearly comes within the purview of the transactions intended to be taxed by the statute.

The plaintiffs clearly are not entitled to recover in this case.