## COLEMAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 14069.

United States Court of Appeals
Eighth Circuit.

March 31, 1950.

Don O. Russell, of St. Louis, Mo., for petitioner.

Sumner M. Redstone, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and Miss Helen Goodner, Sp. Assts. to Atty. Gen., were with him on the brief), for respondent.

Before GARDNER, Chief Judge, and JOHNSEN and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

Petitioner seeks a review of the decision of the Tax Court which adjudged a deficiency in his income taxes for the taxable year 1944, in the sum of $3,985. The facts are not in dispute and so far as here material they are substantially as follows: Petitioner is engaged in the business of cotton-ginning and farming and owns a number of farms in southeastern Missouri. In about 1936 he acquired a farm of 754 acres in southeastern Missouri known as the "Babler Farm." In 1944 he made an oral agreement with one Clayton to exchange the "Babler Farm" for a farm consisting of 886 acres known in the record as the "Carroll Farm" and to pay Clayton $21,000 in cash. It transpired, however, that the "Carroll Farm" was encumbered by a mortgage for $35,000 and the owner of the indebtedness would not accept advance payment of the loan. As the oral agreement could not be consummated petitioner then entered into a written contract with Clayton, by the terms of which he agreed to deed the "Babler Farm" to Clayton in exchange for the "Carroll Farm," to assume the $35,000 mortgage, and to receive from Clayton $14,000 in cash. This written contract for the exchange of properties was consummated and petitioner received the $14,000 in cash, which was deposited in his general bank account. Petitioner made no agreement that the $14,000 received by him was to be used specifically to apply on the payment of the loan secured by the mortgage. The "Carroll Farm" had a fair market value at the time of the transaction of $64,432 but was mortgaged to the extent of $35,000. The "Babler Farm" was carried on petitioner's books at an adjusted cost of $20,384.12. It is conceded that by this transaction petitioner profited in an amount exceeding $20,000. It was the contention of petitioner in the Tax Court, and he renews the contention here, that the exchange of these farms was a non-taxable exchange under Section 112(b) (1) of the Internal Revenue Code, 26 U.S.C.A. § 112 (b) (1). The respondent, on the other hand, contended before the Tax Court and here contends, that the exchange came under the provisions of Section 112(c) (1) of the Internal Revenue Code and was taxable to the extent of the $14,000.00 cash received. This is the sole issue presented.

In seeking reversal petitioner states his theory of the case as follows: (1) that in the exchange of the farms he transferred his "Babler Farm" free and clear of encumbrances for the "Carroll Farm" free and clear of encumbrances, and gave $21,-000 to boot, as a result of which the exchange was a non-taxable exchange under Section 112(b) (1) of the Internal Revenue Code; (2) that the $14,000 received was not boot for his "Babler Farm," but was a payment upon the $35,000 mortgage which could not be reduced and which he assumed and agreed to pay; (3) that the petitioner has not received income as defined by the Constitution and laws of the United States, but has merely increased his investment by the exchange in the sum of $21,000.

Section 112(b) (1) of the Internal Revenue Code, so far as here material, reads as follows: "No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of like kind to be held either for productive use in trade or business or for investment."

The "Babler Farm" was held by petitioner for productive use and the "Carroll Farm" was of like character.

Section 112(c) (1) of the Internal Revenue Code, so far as here pertinent, reads as follows: "If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5), or within * * * Subsection (1), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph, or by subsection (1), to be received without recognition of

760

gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property."

 It is conceded that the exchange resulted in a gain for petitioner in an amount exceeding the $14,000 cash which he received. The transaction as it was actually consummated was evidenced by the written contract between the parties and not by the previous oral agreement which was abandoned. We must determine the issue by considering what was actually done rather than what the parties might have done or, indeed, what they may have had in mind but were unable to consummate. Confessedly, there was here an exchange of farms held for productive use or for investment but the exchange did not consist solely of such property. Petitioner received not only the "Carroll Farm," but he received other property; to wit, the sum of $14,000. That much of his gain in the transaction was realized and the gain must be recognized to the extent of the cash received.

Petitioner's argument is bottomed on the theory that originally the parties had agreed to exchange the properties on a plan requiring petitioner to pay $21,000 in cash and it is argued that this agreement expressed the actual purpose of the parties. But it was found that it was not possible to consummate the transaction on the plan originally agreed upon and hence it was abandoned and a new contract entered into in writing. This contract must be accepted as reflecting the actual nature of the transaction. Had the original plan been carried out petitioner would have paid $21,000, but under the transaction as actually consummated he received $14,000 in cash, which he was at liberty to use as he pleased. He was not required to apply this payment upon the mortgage indebtedness but he at once realized a portion of his total gain resulting from the exchange of the properties.

 Petitioner, to be entitled to the benefit of Section 112(b) (1), must bring himself squarely within the explicit provisions of the exception there provided for. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; City Bank Farmers Trust Co. v. Hoey, 2 Cir., 125 F.2d 577. Section 112(a) requires recognition of the total gain so that petitioner is claiming under an exception to this general rule. The issue before us is limited to the amount of petitioner's gain which is to be recognized. Section 112(c) (1) provides for the recognition of gain to the recipient of other property or money to the extent of the sum of such money or the value of the property received. Petitioner received $14,000; hence, he had a partial cash realization of his total gain. To the extent that his gain was thus realized, we think it was taxable. He was not a mere conduit whereby the $14,000 was conveyed to the holder of the $35,000 mortgage in reduction thereof. He was under no obligation to apply the $14,000 to the mortgage indebtedness, and in fact could not presently so do because of the terms of the mortgage. The mortgage indebtedness was not due but was a long term obligation that might never be paid.

Being of the view that the decision of the Tax Court is correct, the judgment is affirmed.