### JEFFERSON LAKE SULPHUR CO. v. UNITED STATES.

No. 13791.

United States Court of Appeals
Fifth Circuit.

April 15, 1952.

500,000 shares of common stock of the par value of one dollar each; there were issued and outstanding certificates for 114,-032 shares of preferred stock and 348,246 shares of common stock, not including treasury shares, which were the same as the treasury shares issued by the taxpayer. The taxpayer was incorporated March 30, 1949; its authorized capital stock is the same as that of the Louisiana corporation.

This appeal involves the original issue and transfer stamp taxes on transactions that occurred in 1949. The new corporation was brought into existence for the purpose of taking over the assets and assuming the liabilities of the Louisiana corporation, the assets of which were transferred to the new corporation, and stock in the latter was transferred directly to the stockholders of the old corporation. The lower court wrote no opinion but held, in these circumstances, that an original issue tax was incurred under Section 1802(a) of the Internal Revenue Code, 26 U.S.C.A. § 1802 (a), and also that there was a transfer tax under Section 1802(b) on the right of the old corporation to receive the stock. The case was heard below on cross motions for summary judgments, that of the appellee being granted.

Before the merger, the New Jersey corporation owned no property and carried on no business. Upon its organization, as required by law, 1000 qualifying shares of its common stock were issued to the Louisiana corporation, and one share to each of the directors common to both corporations; but those shares were retired at par promptly after the merger, as provided by the merger agreement. The appellant contends that the merger did not result in the creation of a new corporation but only in the reorganization of the Louisiana corporation under the laws of New Jersey, without substantial change in the corporation, or in its shareholders' rights and interests; and, consequently, that the only resulting changes were a slight modification in name, by the omission of the word "Incorporated," and the shifting of the corporate domicile to New Jersey, the corporate identity remaining exactly the same.

---

René H. Himel, Jr., New Orleans, La., for appellant.

Melva M. Graney, Ellis N. Slack, Special Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Lansing L. Mitchell, Asst. U. S. Atty., New Orleans, La., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant is a New Jersey corporation with its principal place of business in New Orleans, Louisiana. It is the surviving corporation in a merger with the Jefferson Lake Sulphur Company, Inc., a Louisiana corporation. The latter had an authorized capital stock of $5,500,000, divided into 500,000 shares of preferred stock of the par value of $10 each, and

It is true that the Louisiana corporation was dissolved as of December 31, 1949, that the taxpayer acquired all the property and assumed all the obligations of the Louisiana corporation, and that the taxpayer is identical in financial and physical structure with the Louisiana corporation as it existed prior to its dissolution; but the incorporation of the taxpayer under the laws of a state different from that of the Louisiana corporation, and the merger of one with the other, did not constitute a reorganization of the Louisiana corporation, but created a distinct and separate entity, the issuance of the shares of which was an original issue subject to the tax imposed by Section 1802(a) of the Internal Revenue Code. The regulations, as well as the applicable decisions, sustain the appellee's contention that this situation requires the payment of the original tax. The Louisiana corporation had the right to receive all of the stock of the new corporation in consideration of its transfer of its assets to the taxpayer. This right was transferred to its stockholders by the Louisiana corporation to the extent of their holdings. The issuance of stock in this manner was a taxable transfer. See Raybestos-Manhattan Co. v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44.

The treasury stock, like the stock issued to the stockholders of the Louisiana corporation, was an original issue by the New Jersey corporation, and taxable under Section 1802(a) of said code. Likewise, the issuance of this stock as treasury stock of the new corporation constituted a transfer by the Louisiana corporation of its right to receive the stock, just as the issuance of stock to the Louisiana corporation's stockholders constituted a transfer. The 1,011 qualifying shares are subject to the original issue tax under the same principle, which requires the payment of the original issue tax on the stock issued to the shareholders of the Louisiana corporation and the treasury stock.

Any stock that has been transferred must have been originally issued. Hence the decision of the Supreme Court in the Raybestos-Manhattan case, supra, while not specifically dealing with the original issue tax, requires the imposition of the original issue tax here, under essentially the same circumstances. The contention of the taxpayer here was rejected by the Seventh Circuit in United States v. Vortex Cup Co., 84 F.2d 925. In commenting upon the taxpayer's argument that the Raybestos-Manhattan case did not control, the court said, 84 F.2d at page 926:

"We think the Raybestos Case is not to be so narrowly construed. While the facts upon which appellee seeks to distinguish the case are true, we think they are not controlling. It is to be noted that the court stated at the outset that it granted certiorari [in the Raybestos case] to resolve a conflict between that case and that of MacLaughlin v. Westmoreland Coal Co. [3 Cir.], 73 F.2d 1004. The latter case involved facts which appear to be identical with those of the case at bar, namely, the transfer of the assets of a single Pennsylvania corporation to a Delaware corporation in exchange for the distribution of the capital stock of the latter directly to the stockholders of the former."

In McLaughlin v. Westmoreland Coal Co., 3 Cir., 73 F.2d 1004, a corporation was organized under the laws of one state for the express purpose of succeeding to the business of a company incorporated under the laws of another state. In view of the fact that the Supreme Court considered the McLaughlin case to be in conflict with the Raybestos case, it is clear that this case and our prior decision of Shreveport-El Dorado Pipe Line Company v. McGrawl, 5 Cir., 63 F.2d 202, cannot be distinguished from Raybestos-Manhattan v. United States, supra. Moreover, the Supreme Court more than once has specifically refused to disregard the separate entities of corporations organized under the laws of separate states, even though the stockholders, management, and financial structures remained substantially the same. In New Colonial Company v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, where the new corporation argued that for all practical purposes it was the same entity as the old one and entitled to deduct losses in-

curred by the old corporation earlier in the taxable year, because it was "therefore the same taxpayer," the court said, 292 U.S. at page 441, 54 S.Ct. at page 791, 78 L.Ed. 1348:

"This is not in accord with the view on which the stockholders and creditors proceeded when the new company was brought into being. They deserted the old company and turned to the new one because they regarded it as a distinct corporate entity. * * * we are of opinion that in law and in fact the two corporations were not identical but distinct."

In Marr v. United States, 268 U. S. 536, 45 S.Ct. 575, 69 L.Ed. 1079, the court noted that two corporations organized under the laws of different states must be separate entities for the reason, among others, that a corporation organized under the laws of Delaware does not have the same rights and powers as one organized under the laws of New Jersey. This statement is a complete answer to the appellant's contention that a corporation organized under the laws of one state is the same corporation as one organized under the laws of another state. If the two companies have different rights and powers, they cannot be the same corporation. It follows that the stockholders of the Louisiana corporation would not have formed the New Jersey corporation unless there had been some advantage in the laws of New Jersey over the laws of Louisiana which made the former state a more desirable one for the corporate domicile of their business. Incorporators who create a new legal entity for their own business reasons must accept the burdens as well as the benefits that necessarily result from the legal fiction. American Gas Machine Co. v. Willcuts, 8 Cir., 87 F.2d 924.

It is not merely amending the charter or changing the name of an existing corporation, that we have here; the appellant is an entirely new corporation, created under the laws of a different state, and is required to pay a stamp tax on the original issue of its shares of stock, irrespective of its similarity to the old company. Cf. Moline Properties v. Commissioner, 319 U.S. 436, 439, 63 S.Ct. 1132, 87 L.Ed. 1499. It follows a fortiori that the Raybestos case is controlling here upon the issuance of the shares directly to the stockholders of the Louisiana corporation, which transfer is taxable under Section 1802(b). As to the treasury stock, it is as if the stock were issued to the old corporation and the old corporation transferred it to the treasury of the new corporation. So far as the tax is concerned, those shares are indistinguishable from the other shares, though they may be disregarded sometimes for accounting purposes.

The judgment appealed from is affirmed.

Affirmed.