MILLER BROS. ELECTRIC, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6431–65.    Filed January 31, 1968.

*Dermot R. Long*, for the petitioner.
*Roger Rhodes*, for the respondent.

448

OPINION

Under section 351 of the 1954 Code,[2] no gain or loss is recognized if property is transferred to a corporation solely in exchange for stock or securities and the transferors are in control of the corporation immediately after the transfer. If section 351 would apply but for the receipt of money or other property by the transferors, then gain is recognized to the extent of the money received plus the fair market value of the property received.

"Control," for purposes of section 351, is defined by section 368(c)[3]

---

[2] SEC. 351. TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.

(a) GENERAL RULE.—No gain or loss shall be recognized if property is transferred to a corporation (including, in the case of transfers made on or before June 30, 1967, an investment company) by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c)) of the corporation. For purposes of this section, stock or securities issued for services shall not be considered as issued in return for property.

(b) RECEIPT OF PROPERTY.—If subsection (a) would apply to an exchange but for the fact that there is received, in addition to the stock or securities permitted to be received under subsection (a), other property or money, then—

(1) gain (if any) to such recipient shall be recognized, but not in excess of—

(A) the amount of money received, plus

(B) the fair market value of such other property received; and

(2) no loss to such recipient shall be recognized.

[3] SEC. 368. DEFINITIONS RELATING TO CORPORATE REORGANIZATIONS.

(c) CONTROL.—For purposes of part I (other than section 304), part II, and this part, the term "control" means the ownership of stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote and at least 80 percent of the total number of shares of all other classes of stock of the corporation.

as ownership of stock possessing at least 80 percent of the voting power of the voting shares, plus 80 percent of the total number of shares of all other classes.

Where section 351 applies, the basis of property transferred to a corporation, under section 362,[4] is the basis of the property to the transferors, increased by the amount of gain recognized. Where section 351 does not apply, the basis of the transferred property, as a general rule, is the fair market value of the transferred property.

Petitioner contends that the transfer of the specific assets of the Miller Bros. Leasing Co. partnership was a transaction to which section 351 does not apply because the 80 percent control provisions were not met. Its argument is based on the provisions of the California partnership and community property laws.

The general rule in California is, of course, that property purchased with community funds is community property. This general rule, however, is modified by the California version of the Uniform Partnership Act which provides that "A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership" and that "A partner's right in specific partnership property * * * is not community property." Cal. Corp. Code secs. 15025(1) and 15025 (2) (e). The community property exception in section 15025(2) (e) as to specific partnership assets does not apply, however, to corporate stock acquired with community funds. Such stock is community property, and a wife has an interest "present, existing and equal" to that of her husband, regardless of the name on the stock certificate. See Cal. Civ. Code sec. 161a.

As petitioner views the transaction, the Miller brothers, as tenants in partnership, owned 90 percent of the specific partnership property transferred to the corporation. When this property was transferred, the brothers received 90 percent of the corporate stock as individuals. Since the stock was not issued to the partnership but rather to the individual partners, the wives of the partners through the California community property laws had an immediate undivided one-half interest in the stock. Thus, petitioner concludes, the brothers owned only 45 percent of the stock, less than the amount required to constitute "control" under section 351.

But there are fatal defects in petitioner's argument. As the California courts have interpreted Corporations Code section 15025(2) (e), the effect of a transfer of community property to a partnership is mere-

---

[4] SEC. 362. BASIS TO CORPORATIONS.

(a) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If property was acquired on or after June 22, 1954, by a corporation—

(1) in connection with a transaction to which section 351 (relating to transfer of property to corporation controlled by transferor) applies, or

(2) as paid-in surplus or as a contribution to capital,

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain recognized to the transferor on such transfer.

ly to suspend the wife's interest in such property as long as the assets remain in the partnership. *In re Duncan's Estate*, 9 Cal. 2d. 207, 70 P. 2d 174 (1937). In exchange for this temporary loss of her interest in the specific assets she acquires an interest in her husband's share in the partnership. See *Hill* v. *Hill*, 82 Cal. App. 2d 682, 187 P. 2d 28 (Dist. Ct. App., 2d Dist. (1947)); *Rosenthal* v. *Rosenthal*, 240 Cal. App. 2d 927, 50 Cal. Rptr. 385 (Dist. Ct. App., 2d Dist. (1966)). The purpose of the "suspension" is simply to prevent disruption of the partnership business if the marital state is dissolved by divorce or by death of the wife. When the assets leave the partnership the reason for the exception of California Corporations Code section 15025(2) (e) ceases, and the community property status of such assets reattaches *instanter*.

Petitioner's argument thus fails to recognize that when the property moved from the partnership to the petitioner it moved as community property. See *In re Duncan's Estate, supra*. The group of owners of the transferred property at the time of the transfer included the wives of the partners, and this is true as to the funds used to purchase the stock as well as the assets transferred. This group, petitioner concedes, owned the stock of petitioner immediately after the transfer. The control requirement of section 351 was therefore met, and the section applies regardless of the intent of the transferors and the transferee. *Houck* v. *Hinds*, 215 F. 2d 673 (C.A. 10, 1954); *Gus Russell, Inc.*, 36 T.C. 965 (1961).

Even if we accept petitioner's argument that the wives were not part of the transferor group we think the same result would be reached under partnership law, for while it is within the power of partners to convert firm property into individual property, Cal. Corp. Code sec. 15008, such a conversion requires the joint act of all the partners. See Cal. Corp. Code sec. 15025(2) (a)–(b); *Kohler* v. *Greenberg*, 152 A. 2d 552 (Md. 1959). If the transfer here is viewed as an exchange solely by the partners as tenants in partnership, the following essential components emerge: (1) Decision *by the partnership* to transfer its assets for stock; (2) transfer of the assets and receipt of the stock, actually or constructively, *by the partnership;* (3) distribution *by the partnership* of the stock to the partners as individuals and attachment of the wives' community interests. Thus under this approach the control requirements of section 351 would be met.

As a matter of law, we do not see how partners could transfer partnership property to a corporation in exchange for stock issued to them as individuals without either (1) a conversion of the partnership property to individual property immediately prior to transfer to the corporation, or (2) actual or constructive receipt by the partnership of the stock prior to its distribution to the individuals. In either case, the control requirements of section 351 would be met. The fact that the

partnership as such never had physical possession of the stock is irrelevant for the purposes of section 351. Compare *Pacific Refrigerating Co.* v. *Commissioner*, 100 F. 2d 30 (C.A. 9, 1938), affirming a Memorandum Opinion of this Court; *Royal Marcher*, 32 B.T.A. 76, 80–81 (1935), appeal dismissed (C.A. 2, Feb. 4, 1936).

We conclude, therefore, that the basis of the property transferred to petitioner is the basis in the hands of the transferors.

*Decision will be entered for the respondent.*